| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter **11** |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Hudson Hospital Holdco, LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  30-0723869

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **308 Willow Avenue** <br> **Hoboken, NJ 07030** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Hudson** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)  https://carepointhealth.org

**6. Type of debtor**
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor **Hudson Hospital Holdco, LLC**        Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*
- ☑ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**6221**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☑ No.
- ☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☑ Yes.

List all cases. If more than 1, attach a separate list     Debtor **See Attached**     Relationship _____

Debtor **Hudson Hospital Holdco, LLC**          Case number (*if known*) _____
       Name

                          District _____   When _____   Case number, if known _____

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**   .   *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☑ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☑ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Hudson Hospital Holdco, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **11/03/2024**
MM / DD / YYYY

**X** **/s/ Shamiq Syed**
Signature of authorized representative of debtor

**Shamiq Syed**
Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

**X** **/s/ Peter C. Hughes**
Signature of attorney for debtor

Date   **11/03/2024**
MM / DD / YYYY

**Peter C. Hughes**
Printed name

**Dilworth Paxson LLP**
Firm name

**800 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-9800**        Email address   **phughes@dilworthlaw.com**

**4180 DE**
Bar number and State

**ATTACHMENT TO VOLUNTARY PETITION**

1. **Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (the "Debtors"), filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

- A. Bayonne Intermediate Holdco, LLC
- B. Benego CarePoint LLC
- C. Briar Hill CarePoint LLC
- D. CarePoint Health Management Associates Intermediate Holdco, LLC
- E. CarePoint Health Management Associates, LLC d/b/a CarePoint Health
- F. CarePoint Health Systems Inc. d/b/a Just Health Foundation
- G. CarePoint Health Systems, Inc.
- H. CH Hudson Holdco, LLC
- I. Christ Intermediate Holdco, LLC
- J. Evergreen Community Assets
- K. Garden State Healthcare Associates, LLC
- L. Hoboken Intermediate Holdco, LLC
- M. Hudson Hospital Holdco, LLC
- N. Hudson Hospital Opco LLC d/b/a CarePoint Health-Christ Hospital
- O. HUMC Holdco, LLC
- P. HUMC Opco LLC d/b/a CarePoint Health-Hoboken University Medical Center
- Q. IJKG, LLC
- R. IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center

      S.      Just Health MSO, LLC

      T.      New Jersey Medical and Health Associates, LLC

      U.      Quality Care Associates, LLC

      V.      Sequoia BMC Holdco, LLC

# RESOLUTIONS
# OF
# THE BOARD OF TRUSTEES
# OF
# CAREPOINT HEALTH SYSTEMS INC.

The undersigned, being all of the trustees (the "**Board of Trustees**") of CarePoint Health Systems Inc., a New Jersey nonprofit corporation (the "**Corporation**"), acting by written consent, do hereby consent to the adoption of the following resolutions:

**WHEREAS**, the Board of Trustees has reviewed and considered the materials presented by the management of the Corporation and the financial, legal, and other advisors of the Corporation regarding the financial and operational conditions of the Corporation, and its indirect and direct subsidiaries: Hudson Hospital Opco, LLC d/b/a Christ Hospital, a Delaware limited liability company ("**Christ**"), Benego CarePoint LLC, a Delaware limited liability company ("**Benego**"), Briar Hill CarePoint LLC, a Delaware limited liability company ("**Briar Hill**"), Evergreen Community Assets, LLC, a Delaware limited liability company ("**Evergreen**"), Christ Intermediate Holdco, LLC, a Delaware limited liability company ("**Christ Holdco**"), Hudson Hospital Holdco, LLC, a Delaware limited liability company ("**Hudson Hospital Holdco**"), CH Hudson Holdco, LLC, a Delaware limited liability company ("**CH Hudson Holdco**"), HUMC Opco LLC d/b/a Hoboken University Medical Center, a Delaware limited liability company ("**HUMC**"), Hoboken Intermediate Holdco, LLC, a Delaware limited liability company ("**Hoboken Intermediate**"), Hudson Hospital Holdco, LLC, a Delaware limited liability company ("**HUMC Holdco**"), Bayonne Intermediate Holdco, LLC, a Delaware limited liability company ("**Bayonne Intermediate**"), Sequoia BMC Holdco, LLC, a Delaware limited liability company ("**Seqouia BMC**"), IJKG, LLC, a New Jersey limited liability company ("**IJKG**") IJKG Opco LLC d/b/a Bayonne Medical Center, a New Jersey limited liability company ("**Bayonne**"), CarePoint Health Management Associates Intermediate Holdco, LLC, a Delaware limited liability company ("**CPHMA Holdco**"), CarePoint Health Management Associates, LLC d/b/a CarePoint Health, a New Jersey limited liability company ("**CPHMA**"), Just Health MSO LLC, a Delaware limited liability company ("**Just Health**"), Garden State Healthcare Associates, LLC, a New Jersey limited liability company ("**Garden State**"), New Jersey Medical and Health Associates, LLC, a New Jersey limited liability company ("**NJMHA**") Bayonne RadOnc Associates, LLC, a New Jersey limited liability company ("**RadOnc**") and Quality Care Associates, LLC, a New Jersey limited liability company ("**Quality Care**" and together with, Christ, Benego, Briar Hill, Evergreen, Christ Holdco, Hudson Hospital Holdco, CH Hudson Holdco, HUMC, Hoboken Intermediate, HUMC Holdco, Bayonne Intermediate, Sequoia BMC, IJKG, Bayonne, CPMHA Holdco, CPHMA, Just Health, Garden State, NJMHA and RadOnc, collectively, the "**CarePoint Entities**"); the assets, liabilities and liquidity situation of the Corporation and the CarePoint Entities; the short-term and long-term prospects of the Corporation and the CarePoint Entities; the strategic alternatives available to the CarePoint Entities, including the possibility of pursuing a bankruptcy proceeding under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "**Bankruptcy Code**") and the impact of the foregoing on the Corporation and the CarePoint Entities and their business and operations;

#124611496v2

**WHEREAS**, following a duly noticed special meeting at which a quorum was present and in accordance with the requirements of the Corporation's governing documents, the Board has APPROVED and CONSENTED to the following resolutions (the "**Resolutions**"):

**NOW, THEREFORE, BE IT**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interest of the Corporation, its creditors and other parties in interest, that the Corporation file a voluntary petition for relief (the "**Corporation Bankruptcy Petition**") under the provisions of Chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interest of the Corporation, as indirect and/or direct owner of the CarePoint Entities, and desirable and in the best interest of the CarePoint Entities, their creditors and other parties in interest, that the Corporation causes the CarePoint Entities to file voluntary petitions for relief (the "**CarePoint Entities Bankruptcy Petitions**" and together with the Corporation Bankruptcy Petition, collectively, the "**Bankruptcy Petitions**") under the provisions of Chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that in furtherance of these Resolutions the Board elects the following individual to the respective office across from his name:

Shamiq Syed                               Chief Financial Officer

**FURTHER RESOLVED**, that the Board authorizes, empowers and directs each of Dr. Achintya Moulick, M.D., Dr. Jawad A. Shah and Shamiq Syed, and any other available officer of the Corporation or any CarePoint Entity, as the proper officer (each an "**Authorized Officer**"), without further action of this Board, acting together or alone, to: (i) execute, verify and file the Bankruptcy Petitions in the name and on behalf of the Corporation and all or such of the CarePoint Entities, with such Bankruptcy Petitions to be filed at such time and in such venue, all as the Authorized Officer shall determine in the Authorized Officer's discretion (ii) execute, verify and file all petitions, schedules, lists, motions, applications, pleadings and other papers or documents necessary or appropriate as determined by the Authorized Officer in connection with the Corporation's and the CarePoint Entities' Chapter 11 case (the "**Bankruptcy Cases**"); (iii) take and perform any and all further acts and deeds that the Authorized Officer deems necessary, proper and desirable to obtain such relief as authorized herein and in connection with the Bankruptcy Cases; (iv) appear as necessary at all bankruptcy proceedings on behalf of the Corporation and the CarePoint Entities, including attending the 341 Meeting of Creditors; and (v) pay, or cause to be paid, all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of these Resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Authorized Officer shall be, and hereby is, authorized and directed to employ the law firm of Dilworth Paxson LLP, a Pennsylvania limited liability partnership ("**Dilworth**") as general bankruptcy counsel to represent and assist the Corporation and the CarePoint Entities with the filing of the Bankruptcy Petitions, commencing the Bankruptcy Cases and carrying out the Corporation's and the CarePoint Entities' duties under the Bankruptcy Code; and in connection therewith, the Authorized Officer is hereby authorized and directed to

execute appropriate retention agreements, pay appropriate retainers prior to, after and immediately upon filing of the Bankruptcy Cases and, if required, cause to be filed an appropriate application for authority to retain the services of Dilworth; and it is

**FURTHER RESOLVED**, that, the Authorized Officer be, and hereby is, authorized and directed to employ any other professionals to assist the Corporation and the CarePoint Entities in carrying out their duties under the Bankruptcy Code, including, but not limited to, the retention of Ankura Consulting Group, LLC; and in connection therewith, the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to, after or immediately upon the filing of the Bankruptcy Cases and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officer, the Authorized Officer shall be, and hereby is, authorized, directed and empowered, in the name of and on behalf of the Corporation and the CarePoint Entities, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents, and to pay all expenses, including filing fees, in each case as in the Authorized Officer's judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of these Resolutions adopted herein; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Authorized Officer in connection with the Bankruptcy Cases, or any further action to seek relief on behalf of the Corporation or the CarePoint Entities under Chapter 11 of the Bankruptcy Code, or any matter related thereto, be and hereby are, approved and ratified in all respects as the acts and deeds of the Corporation and the CarePoint Entities; and it is

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Corporation and/or the CarePoint Entities, which acts (i) would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified or (ii) were approved by prior resolutions, are hereby in all respects, approved and ratified; and it is

**FURTHER RESOLVED**, that in relation to the Bankruptcy Cases, the Corporation, as indirect and direct owner of the CarePoint Entities, shall cause each CarePoint Entity to amend and restate its governing documents if necessary so that the Corporation is the sole manager of each CarePoint Entity, in accordance with applicable state law and the applicable governing documents; and it is

**FURTHER RESOLVED**, that these Resolutions may be executed by electronic signature and electronic transmission including via DocuSign or other similar method, and these Resolutions may be executed in one or more counterparts.

October 19, 2024

#124611496v2

## **CERTIFICATION**

      I, Nadir Ijaz as Secretary of the Board of Trustees of CarePoint Health Systems Inc., a New Jersey non-profit corporation (the "**Corporation**") do hereby certify that the foregoing resolutions were adopted by the Board of Trustees of the Corporation at a meeting of the Board of Trustees on October 19, 2024.

Dated: October 19, 2024

                                              Name: Nadir Ijaz
                                              Title: Secretary of the Board

#124611496v2

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
**District of Delaware**

In re **CarePoint Health Systems, Inc., *et al***    Case No.
Debtor(s)    Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **Hourly Fees** |
   | Prior to the filing of this statement I have received | $ **See Addendum** |
   | Balance Due | $ **Hourly Fees Going Forward** |

2. The source of the compensation paid to me was:
   ☑ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:
   ☑ Debtor    ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Preparation and filing of motions of the Chapter 11 case and adversary proceedings and all other aspects**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November 3, 2024**    **/s/ Peter C. Hughes**
*Date*    **Peter C. Hughes**
*Signature of Attorney*
**Dilworth Paxson LLP**
**800 N. King Street, Suite 202**
**Wilmington, DE 19801**
**302-571-9800   Fax: 302-571-8875**
**phughes@dilworthlaw.com**
*Name of law firm*

## ADDENDUM TO DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

Dilworth Paxson LLP ("Dilworth") was retained by the Debtors to represent them in various litigation matters. Over the past one-year period, Dilworth has received $2,428,072.26 for litigation matters and $797,450.91 for bankruptcy preparation. Total compensation received by Dilworth from the Debtors for the previous one-year period prior to filing is $3,225,523.17.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]

Debtors.

---

x : : : : : : : : x

Chapter 11

Case No. 24- (___)

(Joint Administration Requested)

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in the above-captioned cases (the "Debtors"), to the best of their knowledge, information, and belief, hereby state as follows:

1. CarePoint Health Systems Inc. is a New Jersey nonprofit corporation ("CarePoint").

2. Benego CarePoint LLC, a Delaware limited liability company ("Benego"), is a wholly owned subsidiary of CarePoint.

3. Evergreen Community Assets, LLC, a Delaware limited liability company ("Evergreen"), is a wholly owned subsidiary of CarePoint.

4. Briar Hill CarePoint LLC, a Delaware limited liability company ("Briar Hill"), is a wholly owned subsidiary of CarePoint.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health Medical Group. The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

#124656965v1

5. Hoboken Intermediate Holdco, LLC, a Delaware limited liability company ("Hoboken Intermediate"), is a subsidiary of CarePoint, owned 80% by Benego, 10% by Evergreen and 10% by CarePoint.

6. HUMC Holdco, LLC, a New Jersey limited liability company ("HUMC Holdco"), is a wholly owned subsidiary of Hoboken Intermediate.

7. HUMC Opco LLC d/b/a CarePoint Health – Hoboken University Medical Center, a Delaware limited liability company ("HUMC Opco") is a wholly owned subsidiary of HUMC Holdco.

8. Christ Intermediate Holdco, LLC, a Delaware limited liability company ("Christ Holdco"), is a subsidiary of CarePoint owned 80% by Briar Hill, 10% by Evergreen and 10% by CarePoint.

9. Hudson Hospital Holdco, LLC, a Delaware limited liability company ("Hudson Holdco"), is a wholly owned subsidiary of Christ Holdco.

10. CH Hudson Holdco, LLC, a Delaware limited liability company ("CH Hudson"), is a subsidiary of Hudson Holdco owned 75% by Hudson Holdco and 25% by CarePoint.

11. Hudson Hospital Opco, LLC d/b/a CarePoint Health – Christ Hospital, a Delaware limited liability company ("Christ Hospital") is a wholly owned subsidiary of CH Hudson.

12. Bayonne Intermediate Holdco, LLC, a Delaware limited liability company ("Bayonne Intermediate"), is a subsidiary of CarePoint owned 80% by Benego, 10% by Evergreen and 10% by CarePoint.

13. Sequoia BMC Holdco, LLC, a Delaware limited liability company (Sequoia"), is a wholly owned subsidiary of Bayonne Intermediate.

14. IJKG, LLC, a New Jersey limited liability company ("IJKG"), is a wholly owned subsidiary of Sequoia.

15. IJKG Opco, LLC d/b/a CarePoint Health – Bayonne Medical Center, a New Jersey limited liability company ("Bayonne"), is a subsidiary of IJKG, owned 90.1% by IJKG and 9.9% by non-debtor BMC Hospital, LLC, a New Jersey limited liability company.

16. CarePoint Health Management Associates Intermediate Holdco, LLC, a Delaware limited liability company ("CPHMA Holdco"), is a wholly owned subsidiary of CarePoint.

17. CarePoint Health Management Associates, LLC d/b/a CarePoint Health, a New Jersey limited liability company ("CPHMA"), is a wholly owned subsidiary of CPHMA Holdco.

18. Quality Care Associates, LLC, a New Jersey limited liability company ("Quality Care"), is a wholly owned subsidiary of CPMHA.

19. New Jersey Medical and Health Associates, LLC d/b/a CarePoint Health Medical Group ("NJMHA"), is a wholly owned subsidiary of Quality Care.

20. Just Health MSO LLC, a New Jersey limited liability company ("Just Health"), is a wholly owned subsidiary of CarePoint.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br><br><br>Debtors. | Chapter 11<br>Case No. 24- (___)<br>(Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS**

      Set forth below is the list of creditors that hold, based upon information presently available, the thirty (30) largest unsecured claims (the "Top 30 List") against CarePoint Health Systems Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set for in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, the failure of the Debtors to list any claim as contingent, unliquidated, disputed, or subject to a setoff, shall not constitute an admission by the Debtors or constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG Opco, LLC d/b/a CarePoint Health-Bayonne Medical Center (2063); (xvii) IJKG, LLC (7430); (xii) Just Health MSO, LLC (1593); (xix) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xx) Quality Care Associates, LLC (4710); (xxi) Sequoia BMC Holdco, LLC (9812). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: CarePoint Health Systems Inc., et al. | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CAREPOINT HEALTH CAPTIVE ASSURANCE CO. PO BOX 905796 CHARLOTTE, NC 28290 | CONTACT: GENERAL COUNSEL | INSURANCE | | | | $18,935,449.86 |
| 2 | INTERNAL REVENUE SERVICE PO BOX 7346 PHILADELPHIA, PA 19101 | CONTACT: GREGORY MOXLEY PHONE: (800) 973-0424 GREGORY.S.MOXLEY@IRS.GOV | TAXES | | | | $16,504,216.00 |
| 3 | COUNTY OF HUDSON 567 PAVONIA AVE. JERSEY CITY, NJ 07306 | CONTACT: DON KENNY PHONE: (201)795-6077 DKENNY@HCNJ.US | TAXES | D | | | $15,710,447.00 |
| 4 | MANDLER FAMILY TRUST 790 PENLLYN PIKE SUITE 202 BLUE BELL, PA 19422 | CONTACT: LOUIS PETRIELLO LOUISPETRIELLO@GMAIL.COM | NOTE PAYABLE | C, U | | | $9,541,666.00 |
| 5 | PUBLIC SERVICE ENTERPRISE GROUP INCORPORATED 80 PARK PLACE NEWARK, NJ 07102 | CONTACT: TAMARA L. LINDE PHONE: (800) 436-7734 CLAIMSDEPARTMENT@PSEG.COM | UTILITY VENDOR | | | | $5,376,188.00 |
| 6 | MEDELY, INC. 1315 3RD STREET PROMENADE SANTA MONICA, CA 90401 | CONTACT: GENERAL COUNSEL PHONE: (888) 858-7660 SUPPORT@MEDELY.COM | TRADE VENDOR | | | | $3,602,580.55 |
| 7 | STATE OF NEW JERSEY - DIVISION OF TAXATION 3 JOHN FITCH WAY, 5TH FLOOR PO BOX245 TRENTON, NJ 08695 | CONTACT: ELIZABETH MAHER MUOIO PHONE: (609) 292-6400 TAXATION.BANKRUPTCY@TREAS.NJ.GOV | TAXES | | | | $3,520,669.00 |

Debtor: CarePoint Health Systems Inc., et al.    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | NURSES 24/7<br>1700 ROUTE 23 N. SUITE. 170<br>WAYNE, NJ 07470 | CONTACT: PAT ATLANTIC<br>PHONE: (866) 236-4759<br>PATLANTIC@NURSES247.COM;<br>RECRUITING@NURSES247.COM | TRADE VENDOR | | | | $2,600,341.82 |
| 9 | MEDTRONIC<br>4642 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | CONTACT: IVAN FONG<br>PHONE: (800)848-9300<br>RS.VASCULARORDERS@MEDTRONIC.COM | TRADE VENDOR | | | | $2,318,410.00 |
| 10 | SODEXO, INC.<br>500 ROSS ST 154-0455<br>PITTSBURGH, PA 15262-0001 | CONTACT: SAROSH MISTRY<br>PHONE: (412) 234-4381<br>ACCOUNTSRECEIVABLE.NORAM@SODEXO.COM | TRADE VENDOR | | | | $2,259,171.00 |
| 11 | THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK<br>535 WEST 116TH STREET<br>NEW YORK, NY 10027 | CONTACT: DAVID GREENWALD<br>PHONE: (646)317-6068<br>SECRETARY@COLUMBIA.EDU | TRADE VENDOR | | | | $2,088,535.20 |
| 12 | MEDICAL INFORMATION TECH<br>PO BOX 74569<br>CHICAGO, IL 60693 | CONTACT: BESS ONEPRO<br>PHONE: (781)774-4514<br>INFO@MEDITECHINTL.COM;<br>LBOYLE@MEDITECH.COM | TRADE VENDOR | | | | $2,081,632.49 |
| 13 | GENERAL HEALTHCARE RESOURCES<br>1 VALLEY SQUARE, STE 200<br>BLUE BELL, PA 19422 | CONTACT: CODY BURCH, JOHN QUIRK<br>PHONE: (610)834-1122<br>JQUIRK@GHRESOURCES.COM;<br>INFO@GHRHEALTHCARE.COM | TRADE VENDOR | | | | $2,055,722.08 |
| 14 | DEPUY SYNTHES SALES, INC<br>5972 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | CONTACT: LIZ FORMINARD<br>PHONE: (800)523-0322 X 5792<br>INFO@SYNTHES.COM;<br>INVESTOR-RELATIONS@ITS.JNJ.COM | TRADE VENDOR | | | | $1,898,726.51 |
| 15 | MED-METRIX<br>9 ENTIN RD<br>THIRD FLOOR<br>PARSIPPANNY, NJ 07054 | CONTACT: STEVEN KAMEN<br>PHONE: (201) 782-0200<br>SKAMEN@MED-METRIX.COM | TRADE VENDOR | | | | $1,851,150.98 |
| 16 | MEDICAL STAFFING NETWORK<br>440 SCIENCE DR. STE 202<br>MADISON, WI 53711 | CONTACT: TAMARA QUAM<br>PHONE: (561)322-1300<br>TAMARAQUAM@MSNHEALTH.COM | TRADE VENDOR | | | | $1,833,573.59 |
| 17 | R1 RCM HOLDCO, INC.<br>433 W. ASCENSION WAY<br>SUITE 200<br>MURRAY, UT 84123 | CONTACT: SEAN RADCLIFFE<br>PHONE: (607) 257-5433<br>SRADCLIFFE@R1RCM.COM | TRADE VENDOR | | | | $1,672,456.36 |
| 18 | SPINAL ELEMENTS<br>3115 MELROSE DRIVE, SUITE 200<br>CARLSBAD, CA 92010 | CONTACT: YANG PAK<br>PHONE: (877) 774-6255<br>INFO@SPINALELEMENTS.COM | TRADE VENDOR | | | | $1,602,298.00 |

Debtor: CarePoint Health Systems Inc., et al.    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  SIERRA HEALTH GROUP, LLC  440 FRANKLIN ST.  SUITE 300  BLOOMFIELD, NJ 07003 | CONTACT: ROSANNA DOVGALA  PHONE: (973) 552-2326  INFO_SHG@SIERRAHEALTH.NET | TRADE VENDOR | | | | $1,496,998.87 |
| 20  HORIZON HEALTH  55 DODGE ROAD  GETZVILLE, NY 14068 | CONTACT: ERIN DIGIROLAMO  PHONE: (716) 445-3888  EDIGIROLAMO@HORIZON-HEALTH.ORG | TRADE VENDOR | | | | $1,461,212.35 |
| 21  CONSTELLATION NEW ENERGY  1310 POINT STREET  BALTIMORE, MD 21231 | CONTACT: DAVID DARDIS  PHONE: (844) 200-3427  SUPPORT@CONSTELLATIONRATES.COM | UTILITY VENDOR | | | | $1,445,298.41 |
| 22  HUDSON ANESTHESIA SERVICES, LLC  61 CORNELL DR  LIVINGSTON, NJ 07039 | CONTACT: GENERAL COUNSEL  PHONE: (973)809-7678 | TRADE VENDOR | | | | $1,440,560.37 |
| 23  ROYAL BIOLOGICS  401 HACKENSACK AVE  SUITE 604  HACKENSACK, NJ 07601 | CONTACT: GENERAL COUNSEL  PHONE: (201 )333-8114  SUPPORT@ROYALBIOLOGICS.COM | TRADE VENDOR | | | | $1,430,682.30 |
| 24  AMERICAN RED CROSS  13500 SOUTH POINT BLVD.  SUITE L  CHARLOTTE, NC 28273 | CONTACT: GENERAL COUNSEL  PHONE: (704) 588-7776  BSR022@USA.REDCROSS.ORG | TRADE VENDOR | | | | $1,426,428.58 |
| 25  BIOMET  1800 W CENTER ST  WARSAW, IN 46580 | CONTACT: CHAD PHIPPS  PHONE: (800) 348-9500  APSTATEMENTS@ZIMMERBIOMET.COM | TRADE VENDOR | | | | $1,286,606.49 |
| 26  CAREFUSION SOLUTIONS, LLC  1 BECTON DRIVE  FRANKLIN LAKES, NJ 07417-1880 | CONTACT: MICHELLE QUINN  PHONE: (858) 617-3012  CUSTOMER_SUPPORT@BD.COM;  INVESTOR_RELATIONS@BD.COM | TRADE VENDOR | | | | $1,167,493.85 |
| 27  CVS CAREMARK  1 CVS DRIVE  WOONSOCKET, RI 02895 | CONTACT: SAM KHICHI  PHONE: (800) 746-7287  CUSTOMERSERVICE@CAREMARK.COM | TRADE VENDOR | | | | $1,161,739.00 |
| 28  STRYKER ORTHOPEDICS  2825 AIRVIEW BLVD  NASHVILLE, TN 37203 | CONTACT: ROB FLETCHER  PHONE: (973)779-4009  INST.STRYKER.CS@STRYKER.COM | TRADE VENDOR | | | | $1,000,420.56 |
| 29  RESOLUTE PERIOPERATIVE  242 MAIN ST  MADISON, NJ 07940 | CONTACT: GENERAL COUNSEL  NFLOTH@RESOLUTEPARTNER.COM | TRADE VENDOR | | | | $936,792.00 |
| 30  OPTUM  PO BOX 30760  SALT LAKE CITY, UT 84130 | CONTACT: TANNER NORTON  TANNER.NORTON@OPTUM.COM | THIRD-PARTY PAYOR | C, U, D | | | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **Hudson Hospital Holdco, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **11/03/2024**

X **/s/ Shamiq Syed**
Signature of individual signing on behalf of debtor

**Shamiq Syed**
Printed name

**Chief Financial Officer**
Position or relationship to debtor